IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrone D. Johnson,                                Case No. 3:10CV1680

         Plaintiff

v.                                                  ORDER

General Motors,

         Defendant

        This is a race discrimination employment suit. Pending is defendant General Motors' (GM) motion to dismiss. (Doc. 9). For the reasons that follow, the motion shall be granted.

        Plaintiff has worked at the defendant's Powertrain plant in Defiance, Ohio, since 1995. He has twice previously sued the defendant. In 2002, he asserted claims of race discrimination, retaliation and wrongful termination. I dismissed that case for want of prosecution without prejudice due to his failure to timely serve the defendant. Case No. 3:02CV7015 (N.D. Ohio Jan. 2, 2003).

        More than three years later, plaintiff again filed suit. He claimed race discrimination, retaliation and wrongful discharge stemming from discipline issued following altercations between plaintiff and other GM employees. I granted summary judgment as to all plaintiff's claims. *Johnson v. General Motors*, 2008 WL 323151 (N.D. Ohio, Feb. 4, 2008).

        Plaintiff filed a third suit on November 25, 2009, alleging similar causes of action: race discrimination, retaliation and wrongful discharge. Judge Jack Zouhary dismissed this third suit for want of prosecution due to failure to serve GM. Case No. 3:09CV2771 (N.D. Ohio May 10, 2010) Judge Zouhary's dismissal did not indicate whether it was with or without prejudice. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure states, in pertinent part: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

Defendant argues that the plaintiff's complaint, which is duplicative of the complaint Judge Zouhary dismissed for want of prosecution, is barred under the doctrine of *res judicata*. In light of Rule 41(b), defendant's contention is well-taken.[1]

In light of plaintiff's repeated filing of unsuccessful suits, all of which have asserted essentially the same causes of action, the Clerk shall accept no further complaints for filing until such complaints, if lodged, have been reviewed in light of this Order and plaintiff's previously dismissed complaints and found to have *prima facie* plausible merit, and not to be barred by *res judicata*, untimeliness or any other manifest basis for finding them without any likely merit.

It is therefore

ORDERED THAT:

1. Defendant's motion to dismiss (Doc. 10) be, and the same hereby is granted; and

2. Further complaints by plaintiff against defendant not to be accepted for filing until judicially approved therefore in accordance with this order; any such complaints to be referred to the Magistrate Judge for initial review and determination in accordance herewith.

---

[1] Defendant also moves for dismissal on the basis of untimeliness with regard to plaintiff's discrimination claims. That aspect of its motion is equally well-taken for the reasons stated therein. And, as defendant also argues, plaintiff's state-law claim for wrongful termination fails to state a cause of action. This order is on those bases as well as pursuant to Rule 41(b).

So ordered.

s/James G. Carr<br>
United States District Judge